IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ENSOFTEK, INC.**,
an Oregon corporation,

           Plaintiff/Counter-Defendant,           Case No. 3:19-cv-00615-MO

      v.                                                        OPINION AND ORDER

**SOUTHWEST BEHAVIORAL &**
**HEALTH SERVICES, INC.**,
an Arizona corporation,

           Defendant/Counter-Claimant.

**MOSMAN, J.**,

    Plaintiff/Counter-Defendant Ensoftek, Inc. ("Ensoftek") filed a Motion to Dismiss [ECF 35] that sought dismissal of two claims for relief brought by Defendant/Counter-Plaintiff Southwest Behavioral & Health Services, Inc. ("SW Behavioral"). For reasons discussed below, I DENY EnSoftek's Motion to Dismiss.

## PROCEDURAL BACKGROUND

    Plaintiff, EnSoftek, is an Oregon software company. Contract [ECF 1-1] at 1. Defendant, SW Behavioral, is a non-profit healthcare services provider. *Id.* On December 27, 2016, the parties entered into a contract for Electronic Medical Records services. *Id.* The relationship between the parties soured, and on April 12, 2019, SW Behavioral filed suit against EnSoftek in Arizona state court. Stip. [ECF 31] ¶ 1. On April 22, 2019, EnSoftek filed suit against SW

1 – OPINION AND ORDER

Behavioral in this court. Compl. [ECF 1]. Following a stay of proceedings, the parties stipulated that the Arizona lawsuit would be dismissed without prejudice, and SW Behavioral would bring its claims for relief as counterclaims in this, the Oregon lawsuit. Stip. [31] ¶¶ 10, 13. EnSoftek has now moved to dismiss two of those counterclaims. Mot. to Dismiss [35] at 2.

## DISCUSSION

### I. Choice of Law

EnSoftek seeks to dismiss SW Behavioral's claim for fraudulent inducement and its related claim for declaratory relief. Mot. to Dismiss [35] at 2. Fraudulent inducement sounds in tort—a state law claim—and the parties disagree as to which body of law should govern SW Behavioral's claim. EnSoftek argues that Arizona law should apply because SW Behavioral initially filed its case in that state and argued that it intended to bring its claims under Arizona law. *See* Mot. to Dismiss [35] at 7; Reply Br. [ECF 43] at 2-3, 3 n.1. For its part, SW Behavioral argues that Oregon law should apply, an issue that it claims was already decided in an earlier Arizona proceeding. Resp. Br. [ECF 39] at 2-3.

I decline to apply Arizona law to this case, for several reasons. First, the parties' contract contains a choice of law provision that provides: "This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon." Contract [1-1] at 7 ¶ 15.2. Neither of the parties disputes that this clause is valid.[1] And while fraudulent inducement is a tort and is therefore collateral to the contract, it is sufficiently related that the choice of law provision informs the inquiry. Second, the parties have provided no argument as to why a different body of

---

[1] SW Behavioral does allege in its First Counterclaim for Relief that EnSoftek fraudulently induced SW Behavioral into adopting the choice of law provision, which, if true, would render it void. Answer [ECF 33] ¶ 99. However, SW Behavioral does not make that argument in its briefing on this motion, and I decline to infer an argument that neither party has made.

law should govern claims arising from the contract versus claims arising from its formation, and I can identify no principled distinction. Finally, by agreeing to refile its claims in Oregon, SW Behavioral implicitly consented to allow its claims for relief to be decided pursuant to Oregon law. Certainly, if SW Behavioral—the Arizona-based party that initially filed suit in Arizona—believes that Oregon law applies to its tort claim, it would seem an odd result to allow Oregon-based EnSoftek to insist that this court apply Arizona law. Accordingly, I hold that Oregon state law governs this case unless otherwise specified, and I will decide EnSoftek's Motion to Dismiss pursuant to that holding.

## II. Fraudulent Inducement

In its Answer to the Complaint, SW Behavioral brought nine counterclaims for relief. Answer [ECF 33] at 18-27. The first of these claims is for fraudulent inducement, which alleges that EnSoftek employees knowingly made several false representations about the company's product and about the abilities of its personnel. *Id.* ¶¶ 86-96. SW Behavioral argued that these allegedly false representations induced it to enter into the contract and to fail to exercise its termination rights under the contract. *Id.* ¶¶ 97-99. SW Behavioral seeks to have this court declare the contract void, and therefore unenforceable, at least in part due to the alleged fraudulent inducement. *Id.* at 27.

EnSoftek seeks to dismiss both claims for relief. In its motion, EnSoftek argued that the economic loss doctrine bars a claim for fraudulent inducement, and, in the alternative, that SW Behavioral has not pleaded the facts necessary to state a claim for fraudulent inducement. Mot. to Dismiss [35] at 7, 11. EnSoftek then withdrew its argument as to the economic loss doctrine, in light of SW Behavioral's insistence that Oregon law should apply. Reply [43] at 3 n.3. EnSoftek stated that its motion now "focuses on the remaining bases for dismissal of that claim."

*Id*. In light of this withdrawal, I consider only EnSoftek's theory that SW Behavioral has failed to plead the facts necessary to state a claim for fraudulent inducement.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

Oregon courts recognize two types of fraud on a contract. First, the courts recognize an action for fraudulent inducement. The elements of this action are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Green v. Uncle Don's Mobile City*, 568 P.2d 1375, 1378 (Or. 1977). Put another way, a party must show that he was (1) induced to enter a contract by an (2) intentional (3) misrepresentation. *Gearhart v. Goehner*, 701 P.2d 461, 465 (Or. Ct. App. 1985) (quoting *Bodenhamer v. Patterson*, 563 P.2d 1212, 1216 (Or. 1977)). The misrepresentation must also be material. *Bodenhamer*, 563 P.2d at 1215. Mere "puffing" or "dealers talk" is not fraudulent inducement because it does not constitute a misrepresentation. *Id.*

at 1216 (citing *Johnson v. Cofer*, 281 P.2d 981 (Or. 1955)). An incomplete or misleading answer to a material question may constitute fraudulent inducement. *Id.*

The second type of fraud on a contract is promissory fraud. A party to a contract may bring an action for damages based upon another party's failure to keep a promise. *Sproul v. Fossi*, 548 P.2d 970, 972-73 (Or. 1976). It is sufficient if the evidence shows either an intent not to perform the promise or that the promise is "made with a reckless disregard whether the promisor can or cannot perform the promise." *Id.* at 972 (quoting *Elizaga v. Kaiser Found. Hosp., Inc.*, 487 P.2d 870, 874 (Or. 1971)). A fraudulent intent to renege on a promise may be inferred from the circumstances. *Sproul*, 548 P.2d at 973; *see also Strawn v. Farmers Ins. Co. of Oregon*, 258 P.3d 1199, 1209 (Or. 2011) (holding that false promise to pay future medical expenses amounted to fraud).

I hold that SW Behavioral has pleaded sufficient facts to support a claim for fraudulent inducement under Oregon law. It has identified specific representations that, if proven to be false, could have reasonably induced reliance. For example, SW Behavioral alleges that EnSoftek employees represented that the medical records software would allow for accurate and timely billing claims, Answer [33] ¶ 13; that the product would comply with Arizona laws, *id.* ¶ 17, and that the employees could correct any issues with the product, *id.*; that employees could quickly resolve any issues that may arise, *id.* ¶ 24; and that the existing product would meet SW Behavioral's needs, *id.* ¶ 26. SW Behavioral has also pleaded facts that, if proven true, show that it did rely on these representations when it entered into the contract. *See, e.g.,* ¶¶ 29, 32, 33.

EnSoftek's argument largely amounts to a debate over the merits of SW Behavioral's claims. Reply Br. [43] at 4-9. But whether the claim ultimately succeeds is not the proper inquiry

on a motion to dismiss. EnSoftek also argues that the alleged misrepresentations all relate to "future conduct and statements of opinion," which, it says, do not give rise to a claim for fraud. Mot. to Dismiss [35] at 11. That may potentially be correct under Arizona law, as EnSoftek has argued. *Id.* But promises of future conduct can constitute a claim for fraud in Oregon, as discussed above. EnSoftek's argument therefore fails, and its motion to dismiss the claim for fraudulent inducement is denied.

I also dismiss its motion to dismiss SW Behavioral's claim for declaratory relief. As EnSoftek recognizes, that claim is tied to the fraudulent inducement claim. Mot. to Dismiss [35] at 13. The fraudulent inducement claim is valid, and therefore so is the claim for declaratory relief.

**CONCLUSION**

Upon review, I DENY Plaintiff/Counter-Defendant Ensoftek's Motion to Dismiss [35] for the reasons discussed in this opinion.

IT IS SO ORDERED.

DATED this  23  day of January, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge